IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02545-KLM

COUNTRY MUTUAL INSURANCE COMPANY, an Illinois corporation
COUNTRY PREFERRED INSURANCE COMPANY, an Illinois corporation

      Plaintiffs,

vs.

ADAM GREGORY HOLEN,
TODD BLITSTEIN, individually, and as personal representative of the Estate of Peyton
Tyle Blitstein, deceased

      Defendants.

---

## AFFIDAVIT OF L. KATHLEEN CHANEY

---

STATE OF COLORADO      )
                   )
CITY & COUNTY OF DENVER   )

1.     I, L. Kathleen Chaney, am the attorney of record for Plaintiffs in the above-referenced action. I am authorized to make this Affidavit and have personal knowledge of the facts stated herein.

2.     Plaintiffs filed the Complaint on September 29, 2022 [Doc. 1] seeking a declaration that no coverage exists under the homeowner's policy issued by Country Mutual Insurance Company ("Country Mutual") and/or the automobile policy issued by Country Preferred Insurance Company ("Country Preferred") (collectively "Country") to Defendant Adam Gregory Holen for claims brought against him by Defendant Blitstein in

the case of *Blitstein v. Holen,* Arapahoe District Court Civil Action No. 2022CV31512 and/or 2023CV031437 (the "Blitstein Lawsuit.")

3.    The Blitstein Lawsuit, as well as the present action, arises from the shooting death of Peyton Tyler Blitstein at the hands of Defendant Holen. [Doc. 1-3]

4.    The Complaint in the Blitstein Action states that:

> Plaintiff [Defendant Blitstein] has suffered economic damages as the result of Peyton's tragic death, including funeral expenses, burial expenses, and the financial benefit Plaintiff reasonably expected to receive from the decedent had he lived. In addition, Plaintiff has suffered, and continues to suffer from, non-economic damages stemming from the loss of his son, including grief, loss of companionship, pain and suffering, and emotional stress.

[Doc. 1-3, ¶ 48]

5.    A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *See McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008).

6.    Additionally, the Civil Cover Sheet filed by Defendant Blitstein in the Blitstein Lawsuit expressly states that he is seeking in excess of $100,000 in damages:

> ☒ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

(Exhibit A, *Civil Cover Sheet – Blitstein Lawsuit,* p. 1)

7.    The state court civil coversheet is an "other paper" from which the amount in controversy can be determined. *Paros Props, LLC v. Colo. Ca. Ins. Co.,* 835 F. 3d 1264, 1272 (10th Cir. 2016).

8.    On December 14, 2022, Defendant Blitstein filed an Answer and Counterclaim. [Doc. 10]. In his counterclaim, Defendant Blitstein expressly alleged that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Therefore, no dispute exists between the parties as to whether the amount in controversy requirement is satisfied in the present action.

9.    Further, Defendant Blitstein's counterclaim in the present action seeks relief in the form of a constructive trust on the $300,000 liability limit of the Country Policies. [Doc. 10 – Prayer for Relief, subparagraph a]; *see also* [Doc. 1-2, p. 3] (setting forth the liability limits of the policy.)

10.    In a declaratory judgment action such as this one, wherein an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy in the declaratory judgment action ordinarily equals the probable costs of defense and indemnification of the underlying litigation less any applicable deductible. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 932 (8th Cir. 2010) (citing *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir.1992)).

11.    In the present action where Country's defense and indemnification obligations in the underlying Blitstein Lawsuit exceed $100,000 as set forth in the Civil Case Cover Sheet, the Blitstein Plaintiff specifically requests substantial damages in his complaint in that action, and has requested the entirety of the Country policies be placed in constructive trust in the present action, there can be no doubt that the $75,000 jurisdictional limit has been reached and exceeded.

3

12.    Therefore, the Court may exercise of jurisdiction over the present action pursuant to 28 U.S.C. § 1332.

FURTHER, AFFIANT SAITH NOT.

Dated this 13th day of December 2024

_____
L. Kathleen Chaney

STATE OF COLORADO          )
                           )
CITY & COUNTY OF DENVER    )

Subscribed and sworn to before me this 13th day of December 2024 by L. Kathleen Chaney.

Witness my hand and official seal.

My commission expires:___10|28|26___.

[SEAL}

_____
Notary Public

JAMIE LYNN COOK
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20144041783
MY COMMISSION EXPIRES OCT 28, 2026

4