IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-02545-SKC-KAS

COUNTRY MUTUAL INSURANCE COMPANY, *et al.*,

    Plaintiffs,

v.

ADAM GREGORY HOLEN, *et al.*,

    Defendants.

---

**ORDER RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT PURSUANT TO F.R.C.P. 55(b) (DKT. 38)**

---

The genesis of this lawsuit is in the tragic shooting and killing of Peyton Blitstein by Defendant Adam Holen (the "Incident"). Plaintiffs Country Mutual Insurance Company ("Country Mutual") and Country Preferred Insurance Company ("Country Preferred"), who provided homeowner and automobile insurance to Holen, seek declaratory relief stating no coverage exists under either insurance policy issued to him for his actions that led to and resulted from the killing.

Plaintiffs filed their Complaint on September 29, 2022. Dkt. 1. They served Defendant Todd Blitstein (the father of Peyton Blitstein), individually and as personal representative of the Estate of Peyton Tyler Blitstein, on November 2, 2022, and Holen on November 8, 2022. Dkts. 7, 8. After a stipulation extending the time for

1

Blitstein to answer or otherwise respond, he filed his Answer on January 2, 2023. Dkt. 15.

Holen, however, never filed a response or otherwise entered an appearance. Upon Plaintiffs' motion, the Clerk of Court entered default against him on December 29, 2022. Dkt. 13. On February 8, 2023, the Court ordered this case stayed pending resolution of Holen's state criminal case related to the shooting. Dkt. 18. The Court lifted the stay almost two years later, on November 4, 2024. Dkt. 36. Later that month, Plaintiffs filed their Motion for Default Judgment. Dkt. 38. For the following reasons, the Motion for Default Judgment is granted.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b), default judgment may enter against a party who fails to appear or otherwise defend a case brought against them. However, a party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. The decision

2

whether to enter judgment by default is committed to the sound discretion of the district court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

## ANALYSIS

Plaintiffs seek default judgment against Holen on their sole claim for declaratory relief; that being that Holen is not entitled to insurance coverage under either policy for either his actions in the Incident or for defending the civil lawsuit brought against him by Todd Blitstein in his individual capacity and as the personal representative of his son's estate in *Blitstein v. Holen*, Arapahoe County District Court civil action no. 2022CV31512 ("Blitstein Lawsuit"). Dkt. 1, ¶13.

### A.   Subject Matter Jurisdiction, Personal Jurisdiction & Venue

In determining whether the entry of default judgment is warranted, the Court must first determine whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). It is well-settled that "[a] judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." *Williams*, 802 F.2d at 1202.

Here, the allegations in the Complaint (Dkt. 1)—taken as true for purposes of default judgment—and Plaintiffs' Affidavit of L. Kathleen Chaney (Dkt. 43) establish the Court's jurisdiction over this case and the parties. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs, each citizens of Illinois, and Holen, Blitstein (individually), and Blitstein

3

as the Personal Representative of the Estate of Peyton Tyler Blitstein, each citizens of Colorado. Dkt. 1, ¶¶1-4. Further, the amount in controversy exceeds $75,000 because Blitstein sued Holen in the Blitstein Lawsuit seeking damages in excess of $100,000, and this declaratory lawsuit seeks a declaration that Holen's insurance policies do not provide coverage for him in that underlying state action. *Id.* at ¶¶9-13; Dkt. 43, ¶¶2-6.

The Court also has personal jurisdiction over Holen. He is a citizen of Colorado living in Aurora. Dkt. 1, ¶¶2, 13-7; Dkt. 1-1, p.2; Dkt. 1-2, p.1. And venue is proper in the State and District of Colorado. Dkt. 1, ¶4; *see also* 28 U.S.C. § 1391(b) (A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").

**B.   Claim for Declaratory Relief**

Plaintiffs seek default judgment against Holen on their sole claim for declaratory judgment—that neither Plaintiff has any duty to defend Holen in the Blitstein Lawsuit or for the actions he took during the Incident. Essentially, they seek a ruling that their denial of these potential claims is not a breach of the insurance contracts. Plaintiffs do not seek any damages. The Court concludes a hearing is therefore unnecessary.

"Colorado courts apply traditional principles of contract interpretation to insurance policies." *Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, 124 F.4th 826, 832 (10th Cir. 2024) (citing *Cyprus Amax Mins. Co. v. Lexington Ins. Co.*,

4

74 P.3d 294, 299 (Colo. 2003)). While each word in an insurance policy is given its ordinary meaning, courts should also read the provisions as a whole rather than in isolation. *Id.* (citations omitted). But insurance policies are ones that shift and distribute risk among parties. *Id.* And thus, "[t]he ability for insurers to limit coverage in this manner is central to the notion of what constitutes insurance." *Id.* (quoting *Bailey v Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1047 (Colo. 2011)). "[I]f . . . the provisions of an insurance policy are in plain and unambiguous language and do not violate public policy, we will not relieve a party to the contract from disadvantageous terms or give the language a forced construction." *Id.* (quoting *Terranova v. State Farm Mut. Auto. Ins. Co.*, 800 P.2d 58, 61 (Colo. 1990)).

By failing to answer or otherwise respond to the Complaint, Holen has relieved Plaintiffs of the burden of proving their factual allegations supporting their claim. *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006). The Court thus accepts as true the factual allegations of the Complaint as applied to him.

Nevertheless, "the Court must determine whether the allegations contained in Plaintiff's Complaint are sufficient to state a claim for relief." *Jones v. Wells Fargo Bank, N.A.*, No 13-cv-02210-MSK-KLM, 2014 WL 3906297, at *8 (D. Colo. Aug. 7, 2014) (internal quotation marks and citations omitted). "To state a claim for relief, the Complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face." *Id.* (citations omitted). "A claim is facially plausible

5

when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable for the alleged conduct." *Id.*

According to the Complaint, Country Mutual issued homeowner's insurance policy A05K5597494 ("Homeowner's Policy"), and Country Preferred issued automobile insurance policy P005608766 ("Automobile Policy"), to Holen. Dkt. 1, ¶¶7-8. Each policy identified Holen as a named insured, and Plaintiffs attached copies of each policy to their Complaint. *Id.* at ¶¶7-9; *see also* Dkt. 1-1 (Homeowner's Policy); Dkt. 1-2 (Automobile Policy).

In August 2022, Holen shot and killed Peyton Blitstein. *Id.* at ¶12. The State of Colorado arrested and charged Holen with several crimes related to the shooting. *Id.* at ¶14. Blitstein (Peyton's father), in his individual capacity and as the personal representative of Peyton's estate, sued Holen in the Blitstein Lawsuit. *Id.* at ¶13.

The Homeowner's Policy provides insurance coverage for an "Occurrence," which is defined as "an accident," but specifically excludes from such coverage (1) an "Expected Or Intended Injury" and (2) "Criminal Acts," as those phrases are defined in the Policy. *Id.* at ¶15. Similarly, the Automobile Policy provides insurance coverage for "Bodily Injury" and "Property Damages," as defined by that Policy, but specifically excludes from that coverage any "bodily injury or property damage which any insured intends or expects." *Id.* at ¶16 (cleaned up). Each policy further provides for defense costs for covered Occurrences and/or automobile bodily injury or property damage. *Id.* at ¶¶15-16.

6

The Complaint further alleges, based on the allegations in the Blitstein Lawsuit, that Holen was in his truck; he followed a vehicle that contained Peyton Blitstein; when the vehicles stopped, Holen exited his truck with a loaded firearm in his hand; he pointed it at Peyton; Peyton, who was also armed, perceived the threat and fired at Holen; Holen then fired and hit Peyton multiple times; Holen then re-entered his truck and drove it to his driveway (several houses down the street from the shooting). *Id.* at ¶13.

The Court finds the applicable language of the Homeowner's Policy and the Automobile Policy to be plain and unambiguous. Under the facts alleged in the Complaint, Holen is not entitled to coverage under either policy for his actions during the Incident or for legal defense costs expended defending the Blitstein Lawsuit. The Homeowner's Policy provides no coverage because Holen's actions do not constitute an "Occurrence" since the shooting was not an accident. Moreover, any coverage would further be barred under the Policy's Expected Or Intended Injury exclusion and its Criminal Acts exclusion. Similarly, no coverage exists under the Automobile Policy because the shooting did not arise from Holen's use of his vehicle and because, again, the shooting was not an accident. And the fact that bodily injury was intended or expected further bars coverage.

\*   \*   \*

7

For the foregoing reasons, the Motion for Default Judgment is GRANTED. The Court GRANTS default judgment in favor of Country Mutual and Country Preferred and against Defendant Holen and FINDS:

1) Country Mutual issued the Homeowner's Policy (Dkt. 1-1) (as defined above) to Holen;

2) Country Preferred issued the Automobile Policy (Dkt. 1-2) (as defined above) to Holen;

3) coverage does not exist under the Homeowner's Policy or the Automobile Policy for Holen's actions taken during the Incident (as defined above) or for any defense costs incurred or damages awarded in the Blitstein Lawsuit (as defined above);

4) the Homeowner's Policy does not provide coverage for Holen for the Incident or for the injuries and damages claimed in the Blitstein Lawsuit because:

   a. the shooting perpetrated by Holen during the Incident was not an "Occurrence" under the Homeowner's Policy; and

   b. even if the shooting were an "Occurrence," the Expected Or Intended Injury exclusion under the Homeowner's Policy bars coverage; and

   c. even if the shooting were an "Occurrence," the Criminal Acts exclusion bars coverage;

5) the Automobile Policy does not provide coverage for Holen for the Incident or for the injuries and damages claimed in the Blitstein Lawsuit because:

    a. the shooting did not arise out of the use of Holen's vehicle; and

    b. the shooting was not an accident; and

    c. the bodily injury was intended or expected, barring coverage; and

6) neither Country Mutual nor Country Preferred has any duty to defend Holen in the Blitstein Lawsuit.

IT IS FURTHER ORDERED the Clerk of Court shall enter final judgment in favor of Plaintiffs and against Defendant Holen.

IT IS FURTHER ORDERED that Plaintiffs and Defendant Blitstein shall submit a Joint Status Report on or before June 13, 2025, identifying what issues remain in this case.

DATED: May 30, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge